IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON BELL, Executor of the Estate of RICHARD W. BELL, Deceased,<br><br>  Plaintiff,<br><br>  v.<br><br>THE ABB GROUP, INC., et al.,<br><br>  Defendants. | Case No.  13-CV-1338-SMY-SCW |

**DEFENDANT OWENS-ILLINOIS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rule of Civil Procedure 56(a), moves this Court for an order granting summary judgment in its favor and against Plaintiff.  In support of its motion, Owens-Illinois states as follows:

**I.   INTRODUCTION**

Plaintiff Sharon Bell alleges that her decedent, Richard Bell, developed lung cancer from 40 years of cigarette smoking and exposure to hundreds of asbestos-containing products between 1962 and 2001. Concerning Owens-Illinois, however, Plaintiff's Second Amended Complaint only alleges asbestos exposure between 1960 and 1964 while serving in the United States Navy aboard the *USS Forrestal* (CV-59) and *USS Franklin D. Roosevelt* (CV-42).[1]  Owens-Illinois has denied all of Plaintiff's material allegations.

---

[1] Plaintiff's Second Amended Complaint alleges four counts (Count I for negligence, Count II for willful and wanton conduct, Count IV for wrongful death, and Count V for survival), which are based on the same allegations and seek different types of damages. *See* Pl.'s 2d Amend. Compl. 1-19, ECF No. 194.

The relevant facts about Owens-Illinois are not disputed. Owens-Illinois is, and always has been, a glass company. For a limited period from 1948 until April 1958, however, it manufactured commercial quantities of an insulation product known as "Kaylo." On April 30, 1958, Owens-Illinois left the insulation business altogether and sold the entire "Kaylo" business to Owens Corning Fiberglas Corporation — a separate company that continued to manufacture and sell "Kaylo" insulation products into the early 1970s. Owens-Illinois did not make or sell "Kaylo," or any other insulation product, after April 30, 1958.

Moreover, as the Seventh Circuit has held, "[n]umerous other companies also manufactured asbestos-containing pipe insulation generically referred to as kaylo (also spelled 'k-low,' 'k-lo,' or 'kaylow') much like individuals often refer to generic tissue paper by the brand name 'kleenex.' The term refers to the 'K' factor or heat conductivity. A low K value means the pipe insulation is a low conductor of heat and thus a good insulator." *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1431 (7th Cir. 1996); *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992) (affirming summary judgment and finding that plaintiff's "testimony indicates that he used that term [Kaylo] generically, rather than as a brand name").

Owens-Illinois requests summary judgment because there are no genuine disputes on two dispositive issues. First, there is no admissible evidence in the record that Mr. Bell was ever exposed to asbestos from Owens-Illinois Kaylo — let alone exposed so regularly, frequently and proximately — to survive summary judgment. Second, Plaintiff has no admissible medical evidence that asbestos exposure from

Owens-Illinois Kaylo specifically caused Mr. Bell's lung cancer. For those two reasons, Owens-Illinois is entitled to summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding summary judgment, the court must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment must establish there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## III. ARGUMENT

### A. Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff Has No Causation Evidence Against Owens-Illinois.

"To survive a motion for summary judgment on the issue of exposure to a defendant's asbestos product, the plaintiff must satisfy the 'frequency, regularity, and proximity' test.'" *Bowles v. Owens-Illinois, Inc.*, 2013 IL App (4th) 121072, at ¶ 21 (quoting

*Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 603 N.E.2d 449 (Ill. 1992)).[2] The frequency, regularity, and proximity test requires "that a plaintiff 'show that the injured worker was exposed to the defendant's asbestos through proof that (1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to this area so as to come into contact with the defendant's product.'" *Id.* In every asbestos case to survive summary judgment on the issue of causation, the plaintiff must satisfy the frequency, regularity and proximity test under Illinois law — without any exceptions.

### 1. Illinois Law Demands Proof of Cause-in-Fact in Asbestos Cases.

Illinois proximate cause has two distinct requirements: 1) cause-in-fact, and 2) legal cause, which is a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the harm. *Nolan v. Weil-McLain*, 233 Ill. 2d 416, 431 (Ill. 2009); *Thacker*, 151 Ill. 2d at 354. Plaintiffs can satisfy their cause-in-fact burden under either the "but for" test or the "substantial

---

[2] To determine what substantive law controls, a court sitting in diversity applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Illinois courts apply a place of exposure test in asbestos cases to determine the "most significant relationship" under the *Restatement (Second) of Conflict of Laws. Gregory v. Beazer East*, 384 Ill. App. 3d 178, 193–201 (Ill. App. Ct. 2008). However, a "choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (Ill. 2007); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 838 n.20 (1985) ("'False conflict' really means 'no conflict of laws.' If the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them." (citation omitted)). In this case, no conflict of laws exists because Owens-Illinois is entitled to summary judgment under both maritime and Illinois law. *Thacker*, 151 Ill. 2d at 355; *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005).

factor" test. *Nolan*, 233 Ill. 2d at 431; *Thacker*, 151 Ill. 2d at 354-55. The "but for" test asks, Would the injury have occurred absent the defendant's conduct? *Nolan*, 233 Ill. 2d at 431 (quoting *Thacker*, 151 Ill. 2d at 354-55). Where there are multiple possible causes, as in asbestos cases, the "substantial factor" test asks, Was the defendant's conduct a substantial factor in causing the injury? *Nolan*, 233 Ill. 2d at 354-55 (quoting *Thacker*, 51 Ill. 2d at 354-55).

Under either test, "Illinois courts have, as a matter of law, refused to allow a plaintiff to take the causation question to the jury when there is insufficient evidence for the jury to reasonably find that the defendant's conduct was a cause of the plaintiff's harm or injury." *Nolan*, 233 Ill. 2d at 431 (quoting *Thacker*, 151 Ill. 2d at 355). It is "the axiomatic rule that a plaintiff alleging personal injury in any tort action—*including asbestos cases*—must adduce sufficient proof that the defendant caused the injury. . . . [P]roof which relies on conjecture, speculation, or guesswork is insufficient." *Nolan*, 233 Ill. 2d at 430. Illinois courts have refused to "carve out an exception for asbestos cases which relieved those plaintiffs from meeting the same burden as all other tort plaintiffs." *Id.* at 434.

### a. The Substantial Factor Test in Asbestos Cases Is Frequency, Regularity, and Proximity.

Two decades ago, the Illinois Supreme Court adopted the "frequency, regularity, and proximity" test in asbestos cases to satisfy the substantial factor test:

> plaintiff [must] show that the injured worker was exposed to the defendant's asbestos through proof that (1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to this area

- 5 -

> so as to come into contact with the defendant's product. . . . The defendant has referred to this approach as the "frequency, regularity and proximity" test, and we adopt this test as the rule of law in Illinois.

*Thacker*, 151 Ill. 2d at 359 (citation omitted).

Since *Thacker*, the Illinois Supreme Court has made clear in two more decisions that asbestos plaintiffs must have evidence of frequent, regular, and proximate exposure to a defendant's product to create a triable issue on substantial factor. As the Court stated in *Nolan*, "we adopted *Lohrmann*'s frequency, regularity and proximity test—tailored to application in asbestos actions—as a means by which a plaintiff choosing to prove cause in fact through use of the substantial factor test may meet that burden." *Nolan*, 233 Ill. 2d at 434; *accord Donaldson v. Cent. Ill. Pub. Serv. Co.*, 199 Ill. 2d 63, 91 (Ill. 2002) ("[T]o show causation in an asbestos case, a plaintiff must 'produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked,' commonly called the 'frequency, regularity and proximity' test" (quoting *Thacker*, 151 Ill. 2d at 363)).

The Illinois Appellate Court has also held that plaintiffs in asbestos cases must satisfy the frequency, regularity and proximity test at summary judgment. *E.g.*, *Bowles*, 2013 IL App (4th) 121072, at ¶ 21; *Johnson v. Owens-Corning Fiberglass Corp.*, 284 Ill. App. 3d 669, 677 (Ill. App. Ct. 1996). Federal district courts in Illinois have reached the same conclusion in asbestos cases, holding that only evidence of frequency, regularity, and proximity will defeat summary judgment. *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL

7330901, at *4-6 (N.D. Ill. Dec. 22, 2014); *Flood v. Owens-Illinois*, No. 86 C 8947, 2003 WL 22462314, at *1 (N.D. Ill. Apr. 4, 2003).

### b. The Frequency, Regularity, and Proximity Test Is Not Mere Jobsite Product Identification.

Illinois's substantial factor test of frequency, regularity and proximity is not merely putting a defendant's product at the jobsite. *E.g.*, *Bowles*, 2013 IL App (4th) 121072, at ¶ 21; *Johnson*, 284 Ill. App. 3d at 677. That is, "merely identifying a defendant's product at a jobsite where a plaintiff worked is insufficient to establish asbestos exposure." *In re All Asbestos Litig.*, 385 Ill. App. 3d 386, 391 (Ill. App. Ct. 2008); *Thacker*, 151 Ill. 2d at 358 (rejecting "invitation to fashion a rule by which a jury question would be created whenever there is any evidence that a defendant's asbestos-containing product was used at a workplace at the same time the plaintiff worked there"); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986) (holding "the mere proof that the plaintiff and a certain asbestos product are at the shipyard at the same time, without more, does not prove exposure to that product").

The Illinois Appellate Court, the Seventh Circuit, and the federal district courts in Illinois have each held that mere jobsite product identification is insufficient:

- affirming summary judgment—despite military records and testimony identifying products on ship—because the mere presence on the ship "could not meet the requirements of the 'frequency, regularity and proximity' test," *Bowles*, 2013 IL App (4th) 121072, at ¶ 31.

- affirming summary judgment—despite sales records and testimony identifying products at jobsite—because the presence of product "cannot establish even a minimum level of contact and

> thus cannot meet the *Thacker* standard," *Johnson*, 284 Ill. App. 3d at 675.

- affirming summary judgment—despite four coworkers identifying products at jobsite—because "there was no evidence that plaintiff worked on these ships at the exact same time as the other four men or in close proximity to them as the defendants' products were being used," *Zimmer v. Celotex Corp.*, 192 Ill. App. 3d 1088, 1091 (Ill. App. Ct. 1st Dist. 1989).

- affirming summary judgment—despite plaintiff identifying products at jobsite—because "the mere presence of [defendant's] products at the job site is insufficient to create an issue of material fact," *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97-98 (7th Cir. 1992).

- entering summary judgment—despite worker identifying product at jobsite—because "[t]he fact that [plaintiff] and a particular asbestos product were both at the same job site, without more, does not demonstrate that he was exposed to that product," *Tragarz v. Keene Corp.*, 734 F. Supp. 834, 836 (N.D. Ill. 1990).

In other words, evidence that a defendant's product was merely present or used at a jobsite when plaintiff worked there does not satisfy the substantial factor test of frequency, regularity, and proximity under Illinois law.

### c. The Frequency, Regularity, and Proximity Test Does Not Change Based on "Direct" or "Circumstantial" Evidence.

Illinois's substantial factor test of frequency, regularity, and proximity is neither a moving target nor a sliding scale. The standard does not change based on whether a witness provides the purported exposure evidence. Every Illinois asbestos case has required frequency, regularity, and proximity as a matter of law to satisfy the substantial factor test since *Thacker* — irrespective of whether a witness provided exposure evidence "directly."

By adopting frequency, regularity, and proximity, the *Thacker* Court recognized that "[d]ue to the unique problems posed by asbestos injury, plaintiffs in cases such as this have had to rely heavily upon circumstantial evidence in order to show causation." *Thacker*, 151 Ill. 2d at 357. "Direct" evidence to show cause-in-fact in asbestos cases would be impossible:

> due to the microscopic size of asbestos fibers, asbestos cannot always be seen drifting in the air or entering a plaintiff's body. The small size of these fibers also means that asbestos fibers from different sources are generally indistinguishable from one another, even when removed from a plaintiff's body and examined through a microscope. . . . [T]he time between when asbestos fibers are first inhaled and when scarring in the lungs becomes symptomatic is commonly between 25 and 30 years. This means that a plaintiff injured by asbestos fibers often does not know exactly when or where he was injured and therefore is unable to describe the details of how such injury occurred.

*Id.*

In asbestos cases, the plaintiffs do not contend that they have "direct" evidence of the specific, microscopic asbestos fibers (and their exact source) that were inhaled and caused the disease. Nor do plaintiffs ever disclose such "direct" evidence. Therefore, in order to solve these very "unique problems posed by asbestos injury" and "to seek a balance between the needs of the plaintiff (by recognizing the difficulties of proving contact) with the rights of the defendant (to be free from liability predicated upon guesswork)," the Illinois Supreme Court adopted frequency, regularity, and proximity as the substantial factor test in every Illinois asbestos case. *Id.* at 359.

### d. The Frequency, Regularity, and Proximity Test Does Not Mean "Any and All" or "Each and Every."

Illinois's substantial factor test of frequency, regularity and proximity also "rejected the argument . . . that so long as there is *any* evidence that the injured worker was exposed to a defendant's asbestos-containing product, there is sufficient evidence of cause in fact to allow the issue of legal causation to go to the jury." *Nolan,* 233 Ill. 2d at 434 (emphasis original). As the Illinois Supreme Court held, "such an approach is contrary to the concept of substantial causation." *Id.* at 434.

In other words, "substantial" does not mean "any and all" or "each and every." Sporadic, intermittent exposure is not "frequent" or "regular." Far to the contrary, asbestos plaintiffs must "prove more than minimum contact to establish that a specific defendant's product was a substantial factor in being a cause in fact of a plaintiff's injury." *Id.* at 432. For "without the minimum of proof required to establish frequency, regularity and proximity of exposure, a reasonable inference of substantial causation in fact cannot be made." *Id.* at 434.

In adopting the frequency, regularity, and proximity test, "*Thacker* establishes that it is possible to exclude particular exposures as substantial contributing causes of a plaintiff's injury in asbestos cases." *Id.* at 439 (citing *Thacker*, 151 Ill. 2d at 355). *Thacker* defines the legal meaning of substantial factor, and neither Plaintiff nor his experts are at liberty to ignore that legal definition. Any each-and-every-exposure-is-a-substantial factor opinion violates Illinois law by flipping the burden of proof away from plaintiffs and onto defendants — something rejected specifically by the Illinois Supreme Court:

"We reiterate, however, that the ultimate *burden of proof on the element of causation* remains exclusively on the plaintiff, and that burden is never shifted to the defendant." *Nolan*, 233 Ill. 2d at 435 (emphasis original).

Most recently, an Illinois federal court interpreting Illinois law held that not only is the each-and-every-exposure-is-a-substantial-factor opinion contrary to Illinois law, but also held that it is patently inadmissible under the *Daubert* standard. *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901, at *4-6 (N.D. Ill. Dec. 22, 2014). Illinois substantive law therefore demands proof that a plaintiff was so frequently, regularly, and proximately exposed to a defendant's specific product to create a genuine issue for the jury on cause-in-fact. Nothing less will suffice. The every-exposure-is-a-substantial-factor opinion is contrary to the substantive law of Illinois. *See id.* at *4.

### 2. This Record Lacks Sufficient Evidence of Asbestos Exposure from Any Owens-Illinois Product to Survive Summary Judgment.

By applying this frequency, regularity and proximity test, Owens-Illinois is entitled to summary judgment because there is no evidence at all that Mr. Bell was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — let alone exposures that occurred so frequently, regularly, and proximately to satisfy Plaintiff's causation burden.

Plaintiff alleges that Mr. Bell was exposed to asbestos from Owens-Illinois Kaylo between 1960 and 1964 aboard the *USS Forrestal* (CV-59) and *USS Franklin D. Roosevelt* (CV-42). But there is no evidence that Mr. Bell was ever exposed to Owens-Illinois Kaylo aboard those ships. Plaintiff has no documents that Owens-Illinois Kaylo was

even present on the *USS Forrestal* (CV-59) and *USS Franklin D. Roosevelt* (CV-42). Indeed, the documents prove that the ships had insulation products from other companies and did not contain Owens-Illinois Kaylo insulation products. (*E.g.*, June 9, 1959 Letter from Assistant Chief Engineer ("we advise that Unibestos single-layer, molded, sectional insulation was fitted on the high temperature piping systems on CVA59 [*USS Forrestal*]"), attached as Ex. A; Union Asbestos & Rubber Company, UNIBESTOS ("the *standard* on ship after ship . . . the Forrestal . . . with the world's finest pipe insulation—UNIBESTOS"), attached as Ex. B.)

Moreover, Mr. Bell did not enlist in the United States Navy until September 30, 1960. (*See* Discharge Record, 9/24/1964, attached as Ex. C.) Any Kaylo insulation products that Mr. Bell may have encountered in the 1960s were made by other companies, such as Owens Corning Fiberglas Corporation, and not made by Owens-Illinois. *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996) ("OCF manufactured kaylo from 1958 to 1973."). Indeed, as the Seventh Circuit has held, "[n]umerous other companies also manufactured asbestos-containing pipe insulation generically referred to as kaylo (also spelled 'k-low,' 'k-lo,' or 'kaylow') much like individuals often refer to generic tissue paper by the brand name 'kleenex.'" *Id.* at 1431; *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992) (plaintiff's "testimony indicates that he used that term [Kaylo] generically, rather than as a brand name").

The speculative argument that — despite the evidence of other insulation products aboard ship and other manufacturers of "Kaylo" insulation products — some insulation product from Owens-Illinois could have been present fails as a matter of law.

There is no evidence that Mr. Bell regularly, frequently, and proximately used any Owens-Illinois product. In fact, Illinois law has already decided this issue, and the same result, summary judgment in favor of Owens-Illinois, is appropriate here.

In *Bowles v. Owens-Illinois*, the plaintiff offered some evidence that Owens-Illinois Kaylo may have been present aboard the ship where her husband served in the Navy. 2013 IL App (4th) 121072 at ¶¶ 28-29. Much like the evidence in this case, however, there was no evidence connecting the regular, frequent, and proximate use of Owens-Illinois Kaylo. The plaintiff's decedent was a radioman who served aboard a destroyer in the US Navy, and a shipmate testified that Owens-Illinois insulation may have been present in the boiler room of the ship. *Id.* at ¶ 9, 31. But there was no evidence that the decedent ever visited the boiler room. *Id.* There was no evidence that Kaylo was present on pipes which ran through the ship. *Id.* at ¶ 28. Finding that the decedent was exposed to Owens-Illinois Kaylo, based on that lack of evidence, would have amounted to nothing more than speculation. *Id.* at ¶¶ 28, 31. Accordingly, the Fourth District affirmed summary judgment in favor of Owens-Illinois. *Id.* at ¶ 31.

Likewise, Plaintiff presents insufficient evidence in this case. Mike Loveless, an alleged shipmate of Mr. Bell's, did not serve aboard the *USS Roosevelt* until June of 1960. (Dep. of M. Loveless, 10/15/2014, 15:13-17, attached as Ex. D.) Mr. Loveless could not even remember Mr. Bell near any specific piece of equipment when that equipment was being operated or maintained. (*Id.* at 34:7-10.) Similarly, Mr. Loveless had no personal knowledge or recollection of Mr. Bell being around any asbestos insulation work. (*Id.* at 44:21-45:2.) Much like *Bowles*, there is no evidence linking Mr. Bell to any Owens-

Illinois Kaylo insulation product. Nor is there any evidence that Mr. Bell ever worked with or around Owens-Illinois Kaylo insulation product. Forging the link between Mr. Bell and any Owens-Illinois Kaylo insulation product would amount to nothing more than pure speculation. That speculation is patently insufficient to survive summary judgment under Illinois law. *Bowles*, 2013 IL App (4th) 121072 at ¶¶ 28, 31.

> **B.    Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff Has No Medical Evidence that Asbestos Exposure from Any Owens-Illinois Product Specifically Caused Mr. Bell's Lung Cancer.**

Additionally, "plaintiff must prove medical causation, i.e., that exposure to asbestos caused the injury, and that it was the defendant's asbestos-containing product which caused the injury." *Johnson v. Owens-Corning Fiberglas Corp.*, 313 Ill. App. 3d 230, 235, 729 N.E.2d 883, 887 (Ill. App. Ct. 2000). Plaintiff's expert, Dr. Matthew Vuskovich, cannot give Plaintiff the medical evidence that is necessary to survive summary judgment. *Id.*; *see also Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901, at *4-6 (N.D. Ill. Dec. 22, 2014) (plaintiff's "argument that a single exposure or a *de minimis* exposure satisfies the substantial contributing factor test under Illinois law incorrectly states the controlling law: it is not that *de minimis* exposure is sufficient, but that more than *de minimis* exposure is required to prove causation").

In *Krik*, the plaintiff's experts planned to offer opinions that "*any* exposure to asbestos, even the very first one, regardless of dosage is sufficient to cause asbestos-induced [disease]." *Krik*, 2014 WL 7330901 at *4 (emphasis in original). Plaintiff's experts were expected to testify that any exposure to asbestos, even the first one, would be a substantial contributing factor to an individual's disease. *Id.* The basis for this

theory, according to the court, "seems to be that [plaintiff's] experts cannot rule out that a single dose of asbestos causes injury. From this they conclude that any and all exposure to asbestos is necessarily harmful." *Id.* As the *Krik* court decided, "This is not an acceptable approach for a causation expert to take." *Id.* Even if the precise exposure to asbestos cannot be calculated, *de minimis* asbestos exposure does not satisfy the substantial contributing factor test. *Id.* The Illinois "frequency, regularity and proximity" test laid out in *Thacker* simply requires more. *Id.* To say that the single-exposure or any-exposure theory satisfies the substantial contributing factor test thus incorrectly states Illinois law. *Id.*

Just like the plaintiff's experts in *Krik*, Dr. Vuskovich did not quantify the extent of Mr. Bell's asbestos exposure here, nor did he consider any information about the amount of asbestos to which Mr. Bell might have been exposed. (Dep. of Dr. M. Vuskovich, Oct. 27, 2014, 265:11-20, attached as Ex. E.) Indeed, during Dr. Vuskovich's deposition, Plaintiff's counsel stipulated that Dr. Vuskovich's opinion was that each and every alleged exposure above background level contributed to Mr. Bell's disease. (*Id.*) Plaintiff's counsel also stipulated that Dr. Vuskovich has not quantified the Plaintiff's overall exposures in terms of cumulative exposures or in terms of exposures to a specific defendant's products. (*Id.* at 263:14-20, 265:6-10.)

This exact opinion has been ruled not only inadmissible in federal court under *Daubert*, but also insufficient to meet the necessary standard of substantial causation in Illinois. *Krik*, 2014 WL 7330901 at *4. As the Illinois Supreme Court held, "such an approach is contrary to the concept of substantial causation." *Nolan,* 233 Ill. 2d at 434.

Plaintiff therefore has no medical opinion that an Owens-Illinois product specifically caused Mr. Bell's lung cancer, and summary judgment in Owens-Illinois's favor is appropriate.

## IV.     CONCLUSION

For these reasons, Owens-Illinois respectfully requests an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems proper.

Dated: March 5, 2015                           Respectfully submitted,

                                               By: /s/ Brian O. Watson
                                                   Edward Casmere
                                                   Brian O. Watson
                                                   Schiff Hardin LLP
                                                   233 South Wacker Drive
                                                   Suite 6600
                                                   Chicago, IL  60606
                                                   312.258.5500
                                                   312.258.5600 (fax)

## CERTIFICATE OF SERVICE

I certify that on March 5, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Southern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson<br>
Brian O. Watson

23004-3544
CH2\16236606.2