IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MRS. SHARON BELL, Executor of the Estate of MR. RICHARD W. BELL, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> ABB GROUP, INC., et al., <br><br> Defendants. | Case No. 13-cv-1338-SMY-SCW |

**ORDER**

This matter comes before the Court on Defendant General Electric Company's Motion in Limine to Exclude the Testimony of Jerome E. Spear (Doc. 256) in which Defendant John Crane, Inc. joined (Doc. 269). Defendant asserts that Mr. Spear's methodology is "opaque" and that his opinion is "mere *ipse dixit*," rendering his report and testimony unreliable. Therefore, Defendant argues, Mr. Spear's testimony should be excluded under *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993). Plaintiff filed a timely Response (Doc. 286). For the following reasons, Defendant's motion is **DENIED**.

Defendants' Motion is subject to the liberal standards embodied in Federal Rule of Evidence 702 (see *United States v. Hall*, 165 F.3d 1095, 1106 (7th Cir. 1999)) and *Daubert*, in which the Supreme Court established the test for evaluating the reliability of expert testimony. See *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013) (*Daubert* "remains the gold standard for evaluating the reliability of expert testimony."). In *Daubert*, the Supreme Court held that for scientific evidence to be admissible under Federal Rules of Evidence 702, a District Court must find it both relevant and reliable; it must be scientific knowledge grounded

"in the methods and procedures of science" and consist of more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-90.

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

District judges have considerable discretion in deciding whether particular expert testimony is reliable. *Manpower, Inc.*, 732 F.3d at 806 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)). Reliability is primarily a question of the validity of an expert's methodology, not the quality of his data or of the conclusions produced. *Id*. A district judge who unduly scrutinizes the quality of the expert's data and conclusions, rather than the reliability of the methodology he employed, usurps the role of the jury. *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 766 (7th Cir. 2013); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

When evaluating expert testimony under Rule 702, the preliminary question is "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. Considerations include whether a theory or technique is capable of being or has been tested, whether it has been subjected to peer review and publication, its known or potential rate of error when applied, and whether it has gained general acceptance. *Id*. at 593-94; *accord Conn*, 297 F.3d at 555.

    Rule 702's advisory committee's note suggests courts also consider:

> (5) whether "maintenance standards and controls" exist; (6) whether the testimony relates to "matters growing naturally and directly out of research they have conducted independent of the litigation," or developed "expressly for purposes of testifying"; (7) "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion"; (8) "[w]hether the expert has adequately accounted for obvious alternative explanations"; (9) "[w]hether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting"; and (10) "[w]hether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give."

Fed. R. Evid. 702 advisory committee's note (2000 amends.); *accord Fuesting v. Zimmer, Inc.*, 421 F.3d 528, 534-35 (7th Cir. 2005), *vacated in part on other grounds*, 448 F.3d 936 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1151 (2007).

    Here, Mr. Spear conducted a qualitative exposure assessment based in part on historical data and exposure modeling (Doc. 286-3, p. 3). In his deposition, Spear testified that he did not focus on "matching equipment with exposures" or "manufacturers with exposures" and does not intend to quantify Mr. Bell's exposure levels (*Id* at p. 5). His report and testimony reflect his opinion that "any exposure above background increases your risk" and the greater the frequency of exposure, "obviously the more risk you have" (*Id*). For his opinions, Spear relies on a historical analysis of pipefitter exposure to asbestos (which he states is substantially similar to that of boiler tenders in the U.S. Navy based on the materials used and the type of labor performed with those materials). He concludes Mr. Bell's exposure to asbestos "more than likely exceeded, on a routine basis, historical and current occupational exposure standards for asbestos" (Doc. 286-1, p. 7).

    The Court disagrees that Mr. Spear's methodology is "opaque" or that his opinions are unreliable under *Daubert*. His testimony relates to matters growing naturally out of historical

research and his experience as an industrial hygienist.  There is no indication Mr. Spear unjustifiably extrapolated to reach an unfounded conclusion.  His opinions are reasonably supported by evidence, rest on authority and, as such, cannot be fairly characterized as *mere ipse dixit*.  Accordingly, Defendants' motion is denied.

**IT IS SO ORDERED.**

**DATE: September 1, 2015**               s/  *Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **DISTRICT JUDGE**