IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON BELL, Executor of the Estate of Mr. Richard W. Bell, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> THE ABB GROUP, INC., et al., <br><br> Defendants. | Case No. 13-CV-1338-SMY-SCW |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Honeywell as successor of Bendix Corporation's Motion for Summary Judgment (Doc. 229). For the following reasons, the Motion is **DENIED**.

In this case, Plaintiff Sharon Bell asserts that Richard W. Bell ("Decedent") was injured as a result of exposure to asbestos-containing products attributable to Defendants, including Defendant Honeywell. Honeywell filed its Motion for Summary Judgment arguing that evidence offered by Plaintiff is inadmissible under Rule 32(a) of the Federal Rules of Civil Procedure and Rule 801(c) of the Federal Rules of Evidence. Honeywell further argues that even if this evidence were admitted, Plaintiff has not presented evidence establishing that Decedent was exposed to and harmed by Honeywell's products.

Plaintiff alleges that the Decedent was exposed to asbestos while performing car maintenance using brakes manufactured by Honeywell (Doc. 265-2, p. 2). From 1964 through the late 1970's, Plaintiff claims that Decedent changed dozens of brakes for multiple family

vehicles and breathed the dust released from the brakes' lining as he replaced old brakes with new ones (Doc. 265-2, p. 2). Asbestos was listed on the packaging by Bendix brakes (Doc. 265-2, p. 2). Plaintiff claims Decedent's use of Bendix brakes was a substantial factor in causing his asbestosis and lung cancer.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute to any material fact and is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind. Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. A nonmoving party who bears the burden of proof "may not rest its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitely County Remc,* 840 F.2d 405 (7th Cir. 1988); Fed. R. Civ. P. 56(e)(2). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Citing *Logan v. Catepillar*, 246 F.3d. 912, 925 (7th Cir. 2001), Honeywell first argues that Plaintiff's deposition is hearsay and that "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial" (Doc. 229). The hearsay rule

defines a "statement" as a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). However, Plaintiff's deposition testimony is not a "statement" as defined by the hearsay rule. Her testimony recounts her memory of her husband and his actions based on her own recollection, rather than an inadmissible hearsay "statement." Under the Federal Rules of Evidence, a witness is allowed to testify to matters of which she has personal knowledge. *See* Fed. R. Evid. 602. Here, Plaintiff is a witness who has personal knowledge that the Decedent used Bendix brakes.

Next, Honeywell cites to *Kessel v. Cook County*, 2002 WL 1021560 (N.D. Ill. May 21, 2002) in arguing that depositions taken prior to the joinder of a party in a lawsuit cannot be used as depositions against that party on a summary judgment motion. In *Kessel,* the Court denied joinder of two additional defendants who had not been previously deposed because discovery would be extended and joinder would cause further delay and expense. *Id* at *8.

Plaintiff counters that the "weight of authority is that depositions can be the equivalent of affidavits, and are therefore admissible at the summary judgment stage." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 978 (7th Cir. 2014) (citing *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981)). "Depositions, even those taken without notice to or the presence of the later non-moving party on summary judgment, can satisfy Rule 56's requirement for an affidavit." *Id* (quoting *Vondriska v. Cugno*, 368 Fed.Appx. 747, 765 (10th Cir. 2006)).

Here, unlike the defendant in *Kessel*, Honeywell was added before the discovery deadline – Honeywell was served on Nov 13, 2014, and the discovery deadline was February 20, 2015 (*see* Doc. 81). Further, as the court reasoned in *Hoover,* it would be wasteful to have the same witness who was deposed file an affidavit, if the affidavit requirements are already met. *Hoover*, 663 F.2d at 966-967. Courts in similar situations have held that depositions taken prior to

joinder of a party can be considered affidavits for summary judgment purposes. *Id*. at 967-68 (citing *Tormo v. Yormack*, 398 F. Supp. 1159 (D.N.J. 1975); *United States v. Fox*, 211 F. Supp. 25 (E.D. La. 1962) *aff'd*, 334 F.2d 449 (5th Cir. 1964)).

In addition, both *Alexander* requirements are met for the Plaintiff's deposition testimony to be considered an affidavit for evidentiary purposes. First, pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure, Plaintiff's testimony is based on her own personal knowledge and sets forth facts that would be admissible at trial. Second, the summary judgment procedural requirement for supporting factual positions under Rule 56(c)(1)(A) is met because Plaintiff's deposition is part of the record in the present case (Doc. 265-2, p. 2). Accordingly, the Court will consider Plaintiff's deposition an affidavit for summary judgment proceedings in this case.

Next, with respect to Honeywell's challenges to the sufficiency of Plaintiff's causation evidence, the Court notes that to prove cause-in-fact in asbestos cases, a plaintiff must meet two burdens. *Johnson v. Owens-Corning Fiberglass Corp.*, 672 N.E.2d 885, 888 (Ill App. Ct. 1996); (citing *Thacker v. UNR Indus.*, 603 N.E.2d 449 (Ill. 1992)). First, medical causation requires evidence that asbestos exposure caused or contributed to the injury. *Johnson* at 888. Second, a plaintiff must show that the defendant's asbestos was a cause of the injuries. *Id*. A plaintiff cannot present his case to the jury unless there is sufficient evidence for the jury to conclude the defendant's conduct was a cause of the plaintiff's injury. *Id* at 890.

Medical causation and asbestos exposure may depend on the admissibility of expert testimony under *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993). The Seventh Circuit recognizes method of differential diagnosis and differential etiology as a generally accepted means for evaluating the cause of a plaintiff's injury. *Schultz v. Azko Nobel Paints*, *LLC, et al.*, 721 F.3d 426, 431 (7th Cir. 2013) (citing *Myers v. Illinois Cent. R.R. Co*., 629 F.3d 639, 664 (7th

Cir. 2010)). In a differential etiology all potential causes are ruled in then those that do not apply are systemically ruled out. *Schultz*, 721 F.3d at 433 (citing *Myers* 629 F.3d at 644). Reliability under *Daubert* is decided on a case-by-case basis, depending on which potential causes should be considered. *Id.* The trial court is "limited to determining whether expert testimony is pertinent to an issue in the case and whether methodology underlying that testimony is sound…whether the expert is credible or whether his or her theories are correct…is a factual one that is left for the jury to determine." *Schultz*, 721 F.3d at 431 (quoting *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir.2000)).

In asbestos litigation, some courts have found the "any exposure" theory to be inadmissible. *Betz v. Pneumo Abex LLC*, 44A.3d at 56, *Moeller v. Garlock Sealing*, 660 F.3d 950, 955 (2011) (expert opinion that "every exposure to asbestos, however slight, was a substantial factor in causing injury," where the plaintiff presented no evidence quantifying decedent's exposure to the defendant's product). However, there are significant distinctions to be made between exposure theories, especially when expert testimony includes a discussion of the cumulative effect of asbestos related disease and uses language that is similar or included in the "any exposure" theory. *See Quirin v. Lorrillard*, 2014 WL 804305 at* 3 (N.D. Ill Feb. 28 2014) (Expert testimony was not that of an "any minimal" exposure approach because it gave the opinion that regular exposure should be considered "significant" exposure that contributed to injury).

Here, Dr. Vuskovich's expert testimony is consistent with the differential etiology methodology recognized as reliable by the Seventh Circuit because he considered other causal factors – specifically, the causal effect of cigarette smoking (Doc. 265-3, p. 4). He opined that it is not possible to determine a threshold for exposure and asbestosis and that "every exposure" to

asbestos is "non-trivial" in asbestosis (Doc. 265-3, p. 6). Additionally, he concluded that occupational asbestos exposure and asbestosis caused and significantly contributed to Decedent's lung cancer (Doc. 265-3, p. 4).

Expert testimony that includes discussion of "every exposure" or inability to identify a minimum threshold of safety for asbestos exposure are not automatic triggers for inadmissibility. Rather, methodology as a whole is evaluated under *Daubert* standards as applied in the Seventh Circuit. Because Dr. Vuskovich's opinions meet those standards, his testimony is admissible. The credibility to be afforded his theories is an issue to be determined by the jury.

Finally, for a defendant's conduct to be a cause of an event, it must be a material element and a substantial factor in bringing the event about. *Thacker*, 603 N.E.2d at 455. To satisfy the "*de minimus* rule," a plaintiff must show more than a casual or minimum contact with the product. *Id* at 457. The "frequency, regularity, and proximity test" requires proof that (1) the plaintiff worked regularly in an area where the defendant's asbestos was frequently used, and (2) the plaintiff did, in fact, work sufficiently close to this area as to come into contact with the defendant's product. *Id.*

Here, to show frequency and regularity, Plaintiff presented evidence that from 1964 through the late 1970's, Decedent changed dozens of brakes for multiple family vehicles. Plaintiff has also presented evidence that Decedent breathed the dust released from the brake's lining as he replaced the old brakes with new ones. She relies on expert testimony from Jerome Spear to show that Decedent was likely exposed to asbestos above "historical" and "current standards" while using Bendix brakes (Doc. 265-4). Honeywell argues that Plaintiff does not meet her burden, but does not specifically say why these facts are insufficient under *Thacker*.

The Court finds that there are sufficient facts in the affidavits and expert reports to establish that Decedent was exposed to asbestos from Honeywell's products with the frequency, regularity, and proximity required by Illinois law. Honeywell has not affirmatively shown that the materials cited by Plaintiff fail to create genuine issues of material facts as required by Rule 56(c)(1). Based on the evidence viewed in the light most favorable to Plaintiff, a fair-minded jury could return a verdict for Plaintiff. Therefore, Honeywell's Motion for Summary Judgment is denied.

**IT IS SO ORDERED.**

**DATED: October 2, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**