# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON BELL, Executor of the Estate of Mr. Richard W. Bell, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>THE ABB GROUP, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 13-CV-1338-SMY-SCW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion for Summary Judgment filed by Defendant Velan Valve Corp. (Doc. 247). For the reasons that follow, the motion is **GRANTED**.

### BACKGROUND

Plaintiff Sharon Bell brings this action as the executor of the estate of her husband, Richard Bell (Doc. 194). Plaintiff alleges that Bell was exposed to asbestos fibers during his service in the U.S. Navy from 1960 to 1964. *Id*. Plaintiff asserts that Bell developed lung cancer as a result of the asbestos exposure. *Id*. Bell died on June 6, 2012. *Id*.

Bell served on the USS Franklin D. Roosevelt ("Roosevelt") from January 1961 to November 1962 (*see* Doc. 279-1). Plaintiff's principal fact witness Michael Loveless recalled an individual named Bell serving with him while on laundry sorting detail aboard the Roosevelt, but could not directly identify the Decedent in this case (Doc. 247-3, p. 10). Loveless was assigned to "B" division and was stationed primarily in the 1B fireroom (Doc. 247-3, p. 16, p. 31). Loveless believed that Bell was assigned to the 2A fireroom (Doc. 247-3, p. 81).

1

Loveless associated Velan as a manufacturer of steam traps on the Roosevelt (Doc. 247-3, p. 101). According to Loveless, the steam traps aboard the Roosevelt were not insulated (Doc. 247-3, p. 106, p. 159; *see also* Doc. 247-4, p. 2). Loveless did not witness Bell ever repairing a steam trap or working near another sailor repairing a steam trap (Doc. 247-3, p. 105). Loveless only worked on a steam trap on two occasions when he replaced gaskets connected to the trap (Doc. 247-3, p. 192).

## ANALYSIS

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). *See also RuffinThompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.,* 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id.* As the Seventh Circuit has noted, summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers,* 486 F.3d 1017, 1022 (7th Cir. 2007)

(quoting *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

## Applicable Law

As an initial matter, the Court must determine what law governs this lawsuit: Illinois or maritime law. Velan asserts that maritime law applies because Decedent's alleged exposure to its products occurred while he was onboard the Roosevelt. Plaintiff does not dispute the applicability of maritime law. Rather, Plaintiff contends there is no conflict between Illinois law and maritime law because the outcome is the same – Velan is not entitled to summary judgment.

Normally, federal courts apply the choice of law rules of the forum state to determine what substantive law governs an action. *See Various Plaintiffs v. Various Defendants ("Oil Field Cases"),* 673 F.Supp.2d 358, 362–63 (E.D.Pa.2009). If the case sounds in admiralty, however, it would be inappropriate to apply Illinois law instead of federal admiralty law. *See* 28 U.S.C. § 1333(1). Therefore, "[t]he initial step in the choice of law analysis is to determine whether this case "sounds in admiralty." *Gibbs v. Carnival Cruise Lines,* 314 F.3d 125, 131 (3rd Cir. 2002). Whether maritime law is applicable is a threshold issue that is a question of federal law governed by the law of the circuit in which the district court sits. *Conner v. Alfa Laval, Inc.,* 799 F.Supp.2d 455, 460 (E.D.Pa.2011) (citing U.S.C.A. Const. Art. III, § 2; 28 U.S.C. § 1333(1); *In re Asbestos Prods. Liab. Litig.* (*Oil Field Cases*), 673 F.Supp.2d 358, 362 (E.D.Pa.2009)).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. In *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995), the Supreme Court defined these tests as follows:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on

3

> navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce [.]" Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

*Grubart,* 513 U.S. at 534, 115 S.Ct. 1043 (internal citations omitted).

The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury is caused by a vessel on navigable waters. *Grubart,* 513 U.S. at 534, 115 S.Ct. 1043. The locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters. *See Conner,* 799 F.Supp.2d at 466. "In assessing whether work was on 'navigable waters' (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters." *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). Here, Decedent's alleged exposure to asbestos occurred during his naval service. Specifically, Plaintiff alleges asbestos exposure from Decedent's work aboard the Roosevelt. This work occurred while the vessel traveled navigable waters as well as while the ship was dry-docked. Thus, the locality test is met.

The connection test requires that "the type of incident involved has a potentially disruptive impact on maritime commerce and that the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Grubart,* 513 U.S. at 534, 115 S.Ct. 1043 (quoting *Sisson,* 497 U.S. at 364, 365 & n. 2, 110 S.Ct. 2892). If an allegedly defective product was produced for use on a naval vessel, an ensuing tort inflicted on a sea-based service member working on that vessel is governed by maritime law. *See Quirin v. Lorillard Tobacco Co.,* 17 F. Supp. 3d 760, 767 (N.D. Ill. 2014). The Court finds that the products at issue in this case were essential for the proper functioning of ships and bear a

substantial relationship to traditional maritime activity. Therefore, the connection test is also satisfied. Accordingly, maritime law is applicable to Plaintiff's claims against Velan.

### Causation

For a defendant to be liable under maritime law for injuries caused by asbestos used in its products, a plaintiff must establish causation. *See Lindstrom v. A–C Prod. Liab. Trust,* 424 F.3d 488, 492 (6th Cir.2005). Causation is established under maritime law by showing that (1) the plaintiff was exposed to the defendant's product and (2) the product was a substantial factor in causing the plaintiff's injury. *See Conner,* 842 F. Supp. 2d at 797. There must be evidence of more than a "minimal contact" or "minimal exposure" to the defendant's product. *Lindstrom,* 424 F.3d at 492.

A plaintiff may raise a genuine issue of material fact as to causation by presenting direct evidence that he worked on or near the asbestos-containing components of specific products. *Cabasug v. Crane Co.,* 989 F. Supp. 2d 1027, 1037-38 (D. Haw. 2013). A plaintiff may also present circumstantial evidence of exposure; evidence regarding the prevalence of a defendant's product, combined with evidence of a plaintiff's regular duties, may support the reasonable inference that a plaintiff worked on a particular product. *Id.*; *see also Tragarz v. Keene Corp.*, 980 F.2d 411, 418 (7th Cir. 1992). A plaintiff does not have to present direct evidence that he recalled working on a particular product by the defendant or recall the particular vessel upon which it was installed. *Id*.

Velan asserts that the proffered evidence is insufficient to establish that the Decedent was exposed to any products manufactured by Velan or that these products were a substantial factor in the Decedent's lung cancer. The Court agrees. Loveless testified that he never saw Decedent work with or around any steam traps. Loveless himself only replaced gaskets on a steam trap on

5

two occasions during his service on the Roosevelt. This does not rise above "mere exposure" or "minimal contact" as required under *Lindstrom*. Further, Loveless testified that steam traps were not insulated. In other words, there was no asbestos on the traps.

While all reasonable inferences must be drawn in favor of Plaintiff, Plaintiff cannot create a genuine issue of material fact through mere speculation or the building of inference upon inference. Instead, inferences must be supported by facts in the record. *See Lindstrom,* 424 F.3d at 492 ("[A] mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient [to establish causation]). Here, the record does not contain enough evidence – direct or circumstantial - to create a genuine issue of material fact. Accordingly, summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: January 5, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**