IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON BELL, Executor of the Estate of Mr. Richard W. Bell, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>THE ABB GROUP, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 13-CV-1338-SMY-SCW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sharon Bell brought this action as the executor of the estate of her husband, Richard Bell, alleging Bell developed lung cancer due to his exposure to asbestos-containing products while serving in the United States Navy. This Court granted Defendant John Crane Inc.'s motion for summary judgment. Now pending before the Court is John Crane's Bill of Costs (Doc. 396). John Crane seeks a total of $866.85 for deposition costs related to deposing Plaintiff and Plaintiff's sole fact witness, Mike Loveless. Plaintiff filed an objection (Doc. 399). For the following reasons, the Bill of Costs is **GRANTED**.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed.R.Civ.P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court

1

>appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chicago,* 203 F.3d 507, 518 (7th Cir.2000). This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome. *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir.1997). Unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course.' *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988).

The Seventh Circuit has recognized two situations that warrant the denial of costs: "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). In this case, Plaintiff has not asserted that John Crane committed misconduct or that she is indigent. Rather, Plaintiff's sole argument is that – because this case did not go to trial – the depositions were merely obtained for the convenience of defense counsel.

Deposition costs, including transcripts, are authorized under § 1920(2) as stenographic transcripts. *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir.1998). Regarding whether depositions are properly taxable, the Seventh Circuit does not require that the deposition be used at trial in order to find it "necessary" and thus, taxable. *Id.* Rather, the Court examines "whether the deposition was 'reasonably necessary' to the case at the time it was taken ...." *Id.* (citation omitted). Here, the Court finds that the depositions of Plaintiff and Plaintiff's sole fact witness, Mr. Loveless, were reasonably necessary to the case at the time the depositions were

taken. Accordingly, the Court overrules Plaintiff's objection and **DIRECTS** the Clerk of Court to tax costs in the amount of $866.85.

**IT IS SO ORDERED.**

**DATED: January 25, 2016**

                    <u>s/ Staci M. Yandle</u>
                    **STACI M. YANDLE**
                    **United States District Judge**